United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Berlin Sanchez and Sahily Tio, Plaintiffs, | ) )  ) |
| v. | ) Civil Action No. 18-21472-Civ-Scola ) |
| Selective Insurance Company of the Southeast, Defendant. | ) ) ) |

**Order on Partial Motion to Dismiss**

This matter comes before the Court upon Defendant Selective Insurance Company of the Southeast's ("Selective") partial motion to dismiss (ECF No. 10). Plaintiffs Berlin Sanchez and Sahily Soto did not respond to Selective's motion. Upon review of Selective's motion, the record, and the relevant legal authorities, the Court **grants** Selective's motion (**ECF No. 10**).

### I. Background

On March 12, 2018, the Plaintiffs filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint (ECF No. 1-1 at 13–15) alleges that Selective breached an insurance policy it issued to the Plaintiffs by refusing to pay the full amount of insurance proceeds the Plaintiffs suffered due to water filtration on or about September 10, 2017. The Plaintiffs seek damages, plus interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, as well as a jury trial. (*Id.*)

On April 13, 2018, Selective filed its Notice of Removal, claiming that this Court has original exclusive jurisdiction pursuant to 42 U.S.C. § 4072, 44 C.F.R. Part 61, App. A(1), Article VII(R), and 28 U.S.C. § 1331. However, because Selective failed to support its jurisdictional argument with proof that it had issued a Standard Flood Insurance Policy ("SFIP") pursuant to the National Flood Insurance Act of 1968, *see* 42 U.S.C. § 4001, *et. seq.* ("NFIA") as it asserted, the Court could not assume that it had jurisdiction. Accordingly, the Court ordered Selective to file an amended notice of removal with the requisite evidence. (Order, ECF No. 20.)

On December 21, 2018, Selective filed its amended notice of removal asserting the same bases for the Court's jurisdiction with proof that it issued an SFIP to the Plaintiffs. (Am. Not., ECF No. 21.) Upon review of the amended

notice of removal and its exhibits, the Court finds it has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and makes no determination regarding an alternative basis for jurisdiction pursuant to 42 U.S.C. § 4072. *See, e.g., Newton v. Capital Assurance Company, Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2000).

With jurisdiction established, the Court now turns to Selective's partial motion to dismiss. Selective presents two issues for the Court's resolution. It argues that because it is a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the NFIA, and related regulations propagated by the Federal Emergency Management Agency ("FEMA"), that issued a SFIP to the Plaintiffs, the Plaintiffs are not entitled to recover attorneys' fees or a jury trial. Selective asks that the Court dismiss these two requests from the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs did not file a response to Selective's motion, which itself serves as a basis to grant Selective's motion by default. *See* S.D. L.R. 7.1(c) (recognizing that failure to respond to motion "may be deemed sufficient cause for granting the motion by default").

## II. Legal Standard

A district court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Although Selective relies on Rule 12(b)(6), Selective's motion is more akin to a motion to strike under Federal Rule of Civil Procedure 12(f). Under Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Striking a pleading or a portion thereof "is a drastic remedy to be resorted to only when required for the purposes of

justice." *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.*, No. 06-22139-CIV-COOKE/BROWN, 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (Cooke, J.) (quoting *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962)). The decision to do so is committed to the district court's "broad discretion." *Id.*

### III. Analysis

By way of background, the NFIA governs the cooperative efforts between the federal government and the private insurance industry to make flood insurance available to the public on reasonable terms and conditions. *See* 42 U.S.C. § 4001. "The [NFIA] was adopted in 1968 in response to the exorbitant premiums flood insurers charged at the time." *House v. Bankers Ins. Co.,* 43 F. Supp. 2d 1329, 1331 (M.D. Fla. 1999).

As relevant here, under the NFIA, FEMA authorizes private insurance companies to issue WYO policies. *Id.* at 1331–32. These carriers sell the insurance, adjust and pay claims, and provide risk capital, *Garboza v. Allstate Ins. Co.*, No. 10-23584-CV-JLK, 2011 WL 13223662, at *1 (S.D. Fla. Dec. 20, 2011) (King, J.), but the terms of the WYO polices are dictated by federal regulations. *House*, 43 F. Supp. 2d at 1332. The policies "are reinsured and subsidized by [FEMA]," *id.* at 1331, and the carriers are considered fiscal agents of the United States. *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007); *see also* 42 U.S.C. § 4071(a)(1).

#### A. Entitlement to Attorneys' Fees

Selective argues that the Plaintiffs' demand for statutory attorneys' fees pursuant to Fla. Stat. § 627.428 is improper because the terms of the SFIP issued to the Plaintiffs are set by Congress and codified by regulation so as to preempt any entitlement to attorneys' fees under state law. Selective is correct.

The Eleventh Circuit has recognized that "SFIP contracts are interpreted using principles of federal common law rather than state contract law," *Newton*, 245 F.3d at 1309, and that federal law expressly preempts state-law claims that arise from the handling of a SFIP claim. *Shuford*, 508 F.3d at 1344 ("Shuford's tort claim is expressly preempted by federal law because it arises from the handling of a claim under a Standard Policy."). Accordingly, district courts in the Eleventh Circuit have held that the NFIA preempts any state law that provides for extra-contractual damages, such as interest and attorneys' fees. *See Garboza*, 2011 WL 13223662, at *1 (dismissing claims for extra-contractual damages such as attorneys' fees, penalties, and interest); *House*, 43 F. Supp. 2d at 1332 ("[I]t is well established that individuals insured by

private insurers under the NFIA are not entitled to attorney's fees."); *see also West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage.").

Therefore, to the extent that Plaintiffs' Complaint seeks attorneys' fees under Fla. Stat. § 627.428, that request must be stricken from the Complaint. The Court therefore strikes paragraph 13 of the Complaint and the request for attorneys' fees in the final paragraph of the Complaint. The Court also sua sponte strikes the Plaintiffs' request for interest. *See Newton*, 245 F. 3d at 1312 ("We thus conclude that prejudgment interest awards against WYO companies are direct charges on the public treasury forbidden by the no-interest rule and reverse the part of the judgment awarding such interest."); Fed. R. Civ. P. 12(f)(1) (permitting courts to sua sponte strike pleadings).

### B. Entitlement to a Jury Trial

Selective next argues that the Plaintiffs are not entitled to a jury trial because actions against a WYO company like itself are effectively suits against the federal government and without Congress' express grant of the right to a jury trial, such a right does not exist. The Court finds that the Plaintiffs are not entitled to a jury trial.

A suit for benefits under the NFIP raises the same concerns as a suit against a governmental entity because benefits under the NFIP are paid by the federal treasury. *Shuford*, 508 F.3d at 1343. Accordingly, "[w]hen a plaintiff brings suit under the NFIP, despite the issuance of the SFIP by a private WYO carrier, the plaintiff brings a claim against the United States Treasury." *Garboza*, 2011 WL 13223662, at *2. "Absent the Federal Government's affirmative and unambiguous consent, the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Id.* The NFIA does not grant potential plaintiffs a right to a jury trial. *Id.* Accordingly, the Court strikes the Plaintiffs' request for a jury trial.

### IV.   Conclusion

For the reasons stated, the Court **grants** Selective's motion (**ECF No. 10**). The Plaintiffs are not entitled to attorneys' fees, interest, or a jury trial. These requests are hereby stricken from the Complaint.

Further, upon review of the record, it appears that Selective never filed a substantive response to the Complaint. Selective must do so on or before **January 9, 2019**.

**Done and ordered** in chambers, at Miami, Florida, on January 2, 2019.

_____
Robert N. Scola, Jr.
United States District Judge